IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHEAL L. MYERS, an individual, and SUHR ENTERPRISES, INC., a Nebraska Corporation, | ) ) ) ) ) | CASE NO.: _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| SPARTANNASH COMPANY, a foreign profit corporation, | ) ) ) | |
| Defendant. | ) | |

Plaintiff Micheal L. Myers, by and through his attorneys, Rembolt Ludtke LLP, for his causes of action against Defendant SpartanNash, states and alleges:

## THE PARTIES

1. Plaintiff Micheal L. Myers ("Plaintiff") is a resident of North Platte, Lincoln County, Nebraska.
2. Plaintiff Suhr Enterprises, Inc. ("Suhr") is a Nebraska Corporation with its principal place of business in North Platte, Nebraska.
3. Defendant SpartanNash Company ("SpartanNash") is a registered foreign profit corporation in the state of Michigan with its principal place of business in Byron Center, Michigan. SpartanNash is registered with the U.S. Department of Transportation under DOT number 2552754.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00, excluding interest and costs, and is between citizens of different states. Plaintiff is a resident of Nebraska. Defendant is incorporated in Michigan with its principal place of business in Byron Center, Michigan.

5. This Court has personal jurisdiction over Defendant SpartanNash by virtue of Defendant's employee committing a tort in the State of Nebraska while driving a semi-truck owned, leased or otherwise provided by Defendant SpartanNash (hereinafter the "semitruck") and while acting in the course and scope of his employment with the same.

6. Venue is properly based in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred in the State of Nebraska and specifically in Lincoln County, Nebraska.

## WORKERS' COMPENSATION REIMBURSEMENT

7. Plaintiff Suhr, at all relevant times, has been Plaintiff's employer and has provided certain workers' compensation benefits to Plaintiff as a result of the events described in this complaint.

8. Plaintiff Suhr has certain statutory and equitable rights of reimbursement pursuant to Neb. Rev. Stat. §§48-118 et al., and §25-318 and is a named party to this action solely for that reason.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

10. On November 21, 2023, at approximately 7:30 a.m., Plaintiff was acting in the normal course of his employment as an

"Unloader/Stocker" at Gary's Super Foods, located at 1620 E. 4th Street, North Platte, Nebraska 69101, unloading a semi-truck and trailer owned, leased or otherwise provided by Defendant SpartanNash.

11. At the same time, Defendant's employee was operating and/or in control of Defendant's semitruck which was parked at a loading dock owned by Gary's Super Foods, in the course and scope of his employment with Defendant SpartanNash.

12. Plaintiff finished unloading the vehicle and notified Defendant employee of the same.

13. Defendant's employee did not get out of the truck to perform an inspection to ensure the cargo door was closed and secured.

14. Plaintiff noticed Defendant's employee did not walk around the truck and that he had failed to close and secure the cargo door.

15. Plaintiff signaled to Defendant's employee to hold.

16. Plaintiff attempted to close the rear trailer door by grabbing the door pull strap.

17. Plaintiff was closing the rear door when Defendant's employee drove the truck away from the loading dock, pulling Plaintiff off his feet and off the loading dock, and dropped him onto the concrete below the delivery dock.

18. As a direct and proximate cause of the incident, Plaintiff suffered several injuries set forth in greater detail below.

## FIRST CLAIM FOR RELIEF
### Negligence

19. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

20. As a driver in control of a semi-truck, Defendant's employee owed Plaintiff several duties, including, but not limited to:

    a. Securing the motor vehicles tailgate, tailboard, doors, and other equipment used in its operation and ensuring completion prior to driving pursuant to 49 C.F.R. § 392.9(a)(2) and § 392.9(b)(1);
    b. Maintaining proper control of the truck;
    c. Ensuring it was safe to drive forward from the loading dock prior to doing so;
    d. Complying with Defendant's corporate guidelines, policies, and procedures;
    e. Maintaining a proper lookout; and
    f. Driving in a careful manner with due caution to avoid endangering other persons.

21. Defendant's employee breached one or more of the above duties.

22. Defendant's employee's breach was the direct and proximate cause of the incident.

23. Defendant's employee's negligence is imputed upon Defendant SpartanNash because he was driving in the course and scope of his employment with Defendant Nash at the time of the incident.

24. Defendant's employee's negligence was the direct and proximate cause of injury and damages to Plaintiff, as set forth below.

## SECOND CLAIM FOR RELIEF
## Negligent Entrustment

25. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

26. As the owner of the truck driven by Defendant's employee at the time of the incident, Defendant SpartanNash had a duty to prevent an individual from driving their vehicle if they knew or should have known that individual created an unreasonable risk of harm to others during his operation of the vehicle.

27. Defendant SpartanNash knew or should have known that permitting Defendant's employee to drive the truck created an unreasonable risk of harm to others.

28. As a direct and proximate cause of Defendant SpartanNash's negligent entrustment of the truck to Defendant's employee, Plaintiff was injured and suffered damages as detailed below.

## THIRD CLAIM FOR RELIEF
## Negligent Hiring, Training, and Supervision

29. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

30. Defendant SpartanNash owed a duty to hire, train, and supervise competent employees.

31. As part of the hiring employees to drive company vehicles, Defendant SpartanNash had a duty to conduct sufficient background checks on its prospective employees, including Defendant's employee.

32. At the time Defendant SpartanNash hired Defendant's employee, it knew or should have known that Defendant's employee was unfit to drive company trucks and such unfitness created a particular risk to Plaintiff and similarly situated individuals.

33. Defendant SpartanNash had a duty to train Defendant's employee in such a manner as to ensure Defendant's employee did not operate Defendant's truck in such a manner that would cause him fail ensure truck's doors are closed and individuals are not in harms' way while operating company trucks.

34. Defendant SpartanNash had a duty to supervise Defendant's employee in such a manner as to ensure Defendant's employee exits the truck to do a safety check before driving the truck away from the area while operating company trucks.

35. Defendant SpartanNash breached its duties by:
   a. Negligently hiring Defendant's employee,

5

    b. Negligently training Defendant's employee; and
    c. Negligently supervising Defendant's employee.

36. As a direct and proximate cause of Defendant SpartanNash's negligent hiring, training, and supervision of Defendant's employee, Plaintiff suffered damages as described below.

## PLAINTIFF'S DAMAGES

37. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

38. As a direct and proximate result of the impact described herein, Plaintiff:
    a. Suffered a severe rotator cuff tear, as well as additional injuries to his head, neck and body, some of which are more likely than not permanent;
    b. Incurred medical expenses in an amount not less than $83,000;
    c. Is likely to incur future medical treatment and expenses in an amount not yet determined;
    d. Suffered lost income and a loss future earning capacity in an amount that has yet to be calculated;
    e. Suffered physical pain, mental suffering, and inconvenience; and
    f. Is reasonably certain to continue experiencing physical pain, mental suffering, and inconvenience in the future.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant SpartanNash for:
    A. Special damages for medical bills to date, future medical care, lost income, and a loss of future earning capacity in an amount not less than $83,000.

B. General damages resulting from the injuries sustained by Plaintiff as provided by law, including but not limited to:
   a. The nature and extent of Plaintiff's injuries, including any permanency;
   b. Physical pain, suffered to-date and reasonably anticipated to continue in the future;
   c. Mental suffering, suffered to-date and reasonably anticipated to continue in the future; and
   d. Inconvenience suffered to date and reasonably anticipated to continue in the future.
C. Interest at the maximum legal rate from the date of judgment until the judgment is paid in full; and
D. Taxable costs of this action.

**JURY DEMAND AND REQUEST FOR PLACE OF TRIAL**

WHEREFORE, Plaintiff requests a trial by jury on all triable issues, and that the trial occur in Lincoln, Nebraska.

DATED: October 15, 2025.

**MICHEAL L. MYERS**, Plaintiff

By: REMBOLT LUDTKE LLP
3 Landmark Centre
1128 Lincoln Mall, Suite 300
Lincoln, NE 68508
(402) 475-5100

By: /s/ Mark R. Richardson
Mark R. Richardson (#24719)
mrichardson@remboltlawfirm.com
Sam D. Colwell (#27560)

7

scolwell@remboltlawfirm.com
Peter C. Wegman (#16685)
pwegman@remboltlawfirm.com

4920-3196-8358, v. 1